## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**RICHARD GENTILE,**

    **Plaintiff,**                  **CASE NO.:**

**-VS-**

**CREDIT PROTECTION ASSOCIATION,
L.P.,**

    **Defendant.**

_____/

### COMPLAINT

    1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

### JURISDICTION AND VENUE

    2.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

    3.    The alleged violations described in the Complaint occurred in Pinellas County, Florida.

### FACTUAL ALLEGATIONS

    4.    Plaintiff is a natural person who is over the age of eighteen (18) who resides in Largo, Pinellas County, Florida.

    5.    Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and Florida Statute 559.55(2).

6.    Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

7.    At all times material hereto, Defendant was and is a foreign corporation, authorized to conduct business and conducting business in Florida, with its principal office in Dallas, Texas.

8.    Defendant is a "debt collector" as defined by 15 U.S.C §1692(a)(6).

9.    The debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. § 1692(a)(5) and Florida Statute §559.55(1).

10.    Plaintiff is the regular user and carrier of the cellular telephone number at issue, (727) 729-0420, and was the called party and recipient of Defendant's hereafter described calls.

11.    In or about December of 2013, Defendant initiated its campaign of phone calls to the Plaintiff on his aforementioned cellular telephone. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone numbers: (888) 745-3191, (888) 745-2315, and (888) 745-2312.

12.    In or about December of 2013, Plaintiff began receiving telephone calls containing an automated message to his aforementioned cellular telephone from the Defendant in an attempt to collect a debt on behalf of Brighthouse Networks in the amount of approximately $500.00.

13.    On multiple occasions, Plaintiff would attempt to answer a phone call from the Defendant, but the call would be terminated upon Plaintiff answering, or Plaintiff's voicemail answering the call.

14.    On or about January 27, 2014, Plaintiff answered a phone call from the Defendant on his aforementioned cellular telephone number, received Defendant's pre-recorded message,

2

followed the prompt to be connected to a live representative and demanded that the Defendant stop calling his aforementioned cellular telephone number.

15.     On or about January 27, 2014, Plaintiff revoked any express consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

16.     Despite being asked by the Plaintiff not to call, the Defendant continued its barrage of phone calls in an attempt to collect a debt.

17.     On, but not limited to, January 27, 2014, January 29, 2014, February 4, 2014, February 7, 2014 and February 11, 2014, Plaintiff answered the Defendant's phone calls, received Defendant's pre-recorded message, followed the prompt to be connected to a live representative and demanded that the Defendant stop calling him.

18.     Specifically, at or about 03:05 pm, EST, on January 29, 2014, Plaintiff spoke with an agent of Defendant named "Hope," and instructed her not to call his aforementioned cellular telephone number phone any longer.

19.     Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

20.     From January 27, 2014 through the filing of this Complaint, Plaintiff received over one-hundred (100) automated calls from the Defendant. [Please see **Exhibit A** demonstrating at least 29 phone calls from January 27, 2014 through July 30, 2014].

21.     Despite actual knowledge of its wrongdoing, Defendant continued the campaign of abuse.

22.     Defendant corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have believed they had.

23.     Each call Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

24.     Upon information and belief, the telephone calls at issue were placed by Defendant using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers (hereafter "ATDS" or "autodialer").

25.     Defendant initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone numbers without the "prior express consent" of Plaintiffs, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

26.     Additionally, none of the telephone calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone numbers for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

27.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

28.     Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals telling the Defendant to stop contacting their cellular telephone number.

29.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

30.     Defendant's corporate policy provided no means for the Plaintiff to have his aforementioned cellular telephone number removed from the call list.

31.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties did not provide prior express consent to receive the calls, or had revoked such prior express consent verbally, in writing, or through retention of legal counsel.

32.     Defendant followed its corporate policies when attempting to communicate with the Plaintiffs in connection with the debt at issue.

33.     Defendant has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

34.     Defendant has, or should be in possession and/or control of call logs, Account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiff's aforementioned cellular telephone number over the relevant time period.

35.     Defendant violated the TCPA with respect to the Plaintiff.

36.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

37.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (36), as if fully set forth herein.

38.     Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

39.     Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FDCPA)

40.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (36), as if fully set forth herein.

41.     At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

42.     Plaintiff has been the object of collection activity by Defendant arising from an alleged consumer debt.

43.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff.

44.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d(5)

by causing Plaintiff's telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

45.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

46.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

47.     Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692f(7) by communicating with the Plaintiff by postcard.

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendant for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

### COUNT III
### (Violation of the FCCPA)

48.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (36), as if fully set forth herein.

49.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

50.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

51.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

52.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_s/Amanda Allen_
Amanda Allen, Esquire
Florida Bar #:  0098228
**Morgan & Morgan, Tampa,  P.A.**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
AAllen@ForThePeople.com
jestrada@forthepeople.com
Attorney for Plaintiff

# Phone Call Log for (727) 729-0420

|    | Date       | Time      | Caller         |
|----|------------|-----------|----------------|
| 1. | 01/21/2014 | 7:05 pm   | (888) 745-3191 |
| 2. | 01/22/2014 | 03:05 pm  | (888) 745-3191 |
| 3. | 01/22/2014 | 08:05 pm  | (888) 745-3191 |
| 4. | 01/23/2014 | 03:05 pm  | (888) 745-3191 |
| 5. | 01/23/2014 | 07:05 pm  | (888) 745-3191 |
| 6. | 01/24/2014 | 03:00 pm  | (888) 745-3191 |
| 7. | 01/27/2014 | 02:45 pm  | (888) 745-3191 |
| 8. | 01/28/2014 | 03:15 pm  | (888) 745-3191 |
| 9. | 01/29/2014 | 03:05 pm  | (888) 745-3191 |
| 10.| 02/04/2014 | 04:05 pm  | (888) 745-3191 |
| 11.| 02/07/2014 | 08:34 pm  | (888) 745-3191 |
| 12.| 02/09/2014 | 12:50 pm  | (888) 745-3191 |
| 13.| 02/10/2014 | 01:10 pm  | (888) 745-3191 |
| 14.| 02/11/2014 | 09:00 am  | (888) 745-3191 |
| 15.| 02/12/2014 | 03:05 pm  | (888) 745-3191 |
| 16.| 02/13/2014 | 04:09 pm  | (888) 745-3191 |
| 17.| 02/17/2014 | 03:01 pm  | (888) 745-3191 |
| 18.| 02/18/2014 | 03:05 pm  | (888) 745-3191 |
| 19.| 02/25/2014 | 05:51 pm  | (888) 745-3191 |
| 20.| 03/03/2014 | 03:03 pm  | (888) 745-2312 |
| 21.| 07/20/2014 | 08:29 am  | (888) 745-2315 |
| 22.| 07/21/2014 | 08:29 am  | (888) 745-2315 |
| 23.| 07/22/2014 | 08:16 am  | (888) 745-2315 |
| 24.| 07/23/2014 | 08:15 am  | (888) 745-2315 |
| 25.| 07/24/2014 | 08:45 am  | (888) 745-3191 |
| 26.| 07/25/2014 | 09:00 am  | (888) 745-3191 |
| 27.| 07/28/2014 | 08:29 am  | (888) 745-3191 |
| 28.| 07/29/2014 | 08:21 am  | (888) 745-3191 |
| 29.| 07/30/2014 | 08:50 am  | (888) 745-2315 |



EXHIBIT
A.
tabbies